**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>GUSTAVO URIBE, JR.,<br><br>    Defendant. | Case No. 17-cr-00408 BLF (NC)<br><br>**DETENTION ORDER**<br><br>Hearing: Oct. 12, 2017 |

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), the Government moved for detention of the defendant Gustavo Uribe, and the Court on October 12, 2017, held a detention hearing to determine whether any condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community. This order sets forth the Court's findings of fact and conclusions of law as required by 18 U.S.C. § 3142(i). The Court finds that detention is warranted.

The defendant was present at the detention hearing, represented by his attorney AFPD Varell Fuller. The Government was represented by Assistant U.S. Attorney Katherine Griffin.

The defendant is charged by indictment in this District with felony counts of drug

Case No. 17-cr-00408 BLF (NC)

possession with intent to distribute (methamphetamine, cocaine, and heroin) and being a felon in possession of two firearms in violation of 18 U.S.C. § 922(g). ECF 1. The defendant is presumed innocent of the charges. *See* 18 U.S.C. § 3142(j).

The detention hearing was held publicly. Both parties were allowed an opportunity to call witnesses and to present evidence. Both parties presented their arguments by way of proffer through counsel. Both parties may appeal this detention order to the assigned trial judge, U.S. District Court Judge Beth Labson Freeman.

I.    PRESUMPTIONS

There is a rebuttable presumption of detention based on the specific charges in the indictment under the Controlled Substances Act. There is no presumption for the firearm charge.

II.    REBUTTAL OF PRESUMPTIONS

The defendant has not rebutted the presumption of detention, as set forth below. Even if there were no presumption, the Court would find the prosecution met its burden to establish detention.

III.    WRITTEN FINDINGS OF FACT AND STATEMENT OF REASONS

The Court has taken into account the factors set out in 18 U.S.C. § 3142(g) and all of the information submitted at the hearing and finds as follows. The Court adopts the facts set forth in the Pretrial Services Reports prepared October 12 and agrees with the reasons for the recommended detention. The Court finds that the Government has established by more than a preponderance of the evidence that the defendant poses a risk of nonappearance that cannot be reasonably mitigated by any combination of conditions. The proffered evidence is that Uribe has a recent history of evading arrest and assaulting arresting officers; has six pending criminal cases in Monterey County, for which he has not been able to post bail; a long history of drug use and drug-related criminal convictions; and recent criminal charges involving firearms (this case) and violence (state court). As to danger to the community, the Court finds that the Government has shown by more than clear and convincing evidence that Uribe poses a danger that cannot be reasonably mitigated. Again, Uribe's criminal

record, proffered evasion and assault on law enforcement officers, and recent charges involving guns and violence establish the high risk.

## IV.    DIRECTIONS REGARDING DETENTION

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on the request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

Date: October 12, 2017

_____
Nathanael M. Cousins
United States Magistrate Judge